IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NEW CENTURY PARTNERS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | Case No. 21-2594-JAR-KGG |

**MEMORANDUM AND ORDER**

This matter is before the Court pursuant to a Notice and Order to Show Cause (Doc. 8) and Defendant The Cincinnati Insurance Company's Motion for Leave to Amend Its Notice of Removal (Doc. 10). The Order to Show Cause required Defendant to show good cause by February 1, 2022, why this case should not be remanded for lack of subject matter jurisdiction because the notice of removal did not identify the Plaintiff LLCs' members or their citizenship. Defendant has responded by moving for leave to amend the notice of removal to add the LLC members' identities and citizenship, showing that they are each a citizen of Kansas or Missouri and, therefore, diverse under 28 U.S.C. § 1332(a). Plaintiffs have not responded to the motion and the time to do so has expired.[1] As discussed below, the Court grants Defendant's motion for leave to amend under 28 U.S.C. § 1653.

Federal district courts are required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2] To avoid remand,

---

[1] *See* D. Kan. R. 6.1(d)(1).
[2] 28 U.S.C. § 1447(c).

the removing party must establish federal jurisdiction by a preponderance of the evidence.[3] Because federal courts are courts of limited jurisdiction, courts strictly construe federal removal statutes with a presumption against federal jurisdiction.[4]  Courts must follow the inflexible and without exception presumption against federal jurisdiction by denying jurisdiction in all cases where federal jurisdiction does not affirmatively appear in the record.[5]  Moreover, courts must resolve doubtful cases in favor of remand.[6]

Remand is generally improper if the defendant appropriately removed a case to federal court that the plaintiff could have originally filed in federal court.[7]  Federal courts are courts of limited jurisdiction, and as such, they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[8]  Defendant removed this case under 28 U.S.C. § 1332(a), asserting federal jurisdiction based on diversity.  To establish diversity jurisdiction, the party asserting jurisdiction, in this instance the defendant, must allege facts essential to show jurisdiction—namely that Plaintiffs and Defendant are citizens of different states and that the amount in controversy is greater than $75,000.[9]  An LLC takes the citizenship of its members.[10]

28 U.S.C. § 1653 allows for amendment to correct defective allegations of jurisdiction in the trial and appellate courts.  Here, the proposed amended pleading corrects the original notice of removal's jurisdictional allegations, which omitted the citizenship of the Plaintiff LLCs'

---

[3] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[4] *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1043, 1047 (D. Kan. 1999) (citations omitted).

[5] *See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982).

[6] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[7] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[8] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[9] *See Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (citing 28 U.S.C. § 1332(a)).

[10] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

members.  The Tenth Circuit has granted a motion to amend the notice of removal under similar circumstances.[11]  The proposed amended notice of removal alleges that each of the Plaintiff LLCs is composed of members who are citizens of either Kansas or Missouri; Defendant is a citizen of Ohio.  Thus, the proposed amended notice of removal corrects the jurisdictional defects in the original pleading and assures this Court of its jurisdiction under 28 U.S.C. § 1332(a).  The motion for leave to amend under 28 U.S.C. § 1653 is therefore granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Leave to Amend its Notice of Removal (Doc. 10) is **granted**.  Defendant shall file its Amended Notice of Removal forthwith.

**IT IS SO ORDERED.**

Dated: February 11, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] *See Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 723 (10th Cir. 2007) (granting motion to amend notice of removal to account for the citizenship of all partners in a limited partnership); *see also Genesis Cap. Ventures, LLC v. Restore With Apex, Inc.*, No. CR 17-CV-00711-LTB, 2017 WL 11547427, at *4 (D. Colo. Sept. 11, 2017) (collecting cases).